**SO ORDERED.**

**SIGNED this 18 day of March, 2015.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| SHARON J. COBHAM | 13-06340-8-SWH |
| DEBTOR | |
| | |
| NICOLE LECANN, D.D.S., et al., | ADVERSARY PROCEEDING NO. |
| Plaintiffs, | 14-00002-8-SWH-AP |
| v. | |
| SHARON J. COBHAM, | |
| Defendant. | |

### ORDER

The matter before the court in this adversary proceeding is the Renewed Motion for Judgment on the Pleadings, filed by Nicole LeCann and Joint Entities LLC (collectively referred to as the "plaintiffs"), and the Motion for Summary Judgment, filed by Sharon J. Cobham (the "debtor"). A hearing was held on December 16, 2014, in Raleigh, North Carolina.

BACKGROUND

The debtor and LeCann practiced dentistry together through several professional corporations, including the Joint Entities, until 2010. The debtor served as president of the Joint Entities and was responsible for the overall direction and leadership of the entities, while LeCann assumed responsibility for daily accounting, reimbursements for services rendered and other details of daily operations. LeCann and the debtor each owned a fifty percent interest in each of the Joint Entities. In July 2010, LeCann filed suit on behalf of the Joint Entities in state court, asserting various derivative and individual causes of action against the debtor arising out of the debtor's alleged wrongful and self-dealing transfers of funds belonging to the Joint Entities. The lawsuit was transferred to the North Carolina Business Court, which dissolved the Joint Entities and appointed a receiver to operate them during the winding up process.

The North Carolina Business Court ultimately rendered a judgment in favor of LeCann on the derivative claims for breach of fiduciary duty and self-dealing and conflict-of-interest transactions, and additionally, awarded punitive damages on the breach of fiduciary duty claim. The Business Court based its ruling upon its finding that the debtor engaged in a "long series of complicated, wrongful, self-dealing transfers . . . of funds belonging primarily to four of the Joint Entities." The debtor did not appeal the judgment. No voluntary payments have been made by the

debtor on the judgment.[1]  On October 8, 2013, the debtor filed a petition for relief under chapter 7 of the U.S. Bankruptcy Code.

On January 6, 2014, the plaintiffs initiated this adversary proceeding seeking a determination by the court that the judgment debt is not dischargeable.  The plaintiffs' amended complaint, filed on August 13, 2014, asserts three claims for relief: (1) the debt is nondischargeable under 11 U.S.C. § 523(a)(4) because the debtor's conduct constituted defalcation of her fiduciary obligations and fraud while acting in a fiduciary capacity; (2) the debt is nondischargeable under § 523(a)(4) because the debtor's conduct amounted to embezzlement or larceny; and (3) the debt is nondischargeable under § 523(a)(6) because it is for willful and malicious injury to the plaintiffs.  On May 19, 2014, the plaintiffs filed their first Motion for Judgment on the Pleadings and brief in support thereof, and on September 2, 2014, filed their Renewed Motion for Judgment on the Pleadings and brief in support thereof, which incorporated their initial Motion and brief.  The plaintiffs' motions for judgment on the pleadings assert that the Business Court's findings of law and fact underlying the judgment satisfy the elements required to establish nondischargeability under §§ 523(a)(4) and (a)(6), and as such, should be accorded collateral estoppel effect, thus entitling them to judgment on the pleadings on all of the claims in their complaint.

In response to the plaintiffs' motions for judgment on the pleadings, the debtor asserts that the requirements of § 523(a)(4) are not met because the plaintiffs do not allege a relationship that

---

[1] Prior to the petition date, LeCann executed upon the judgment and the sheriff conducted a sale of the stock certificates representing the debtor's ownership in the Joint Entities.  The debtor appeared at the sheriff's sale and was the high bidder of $9,000 (paid by her father), which resulted in a reduction of $8,762.50 in the judgment and represents the only amount that allegedly has been collected in satisfaction of the judgment.  On October 4, 2013, the Business Court entered an order determining that the debtor's conduct at the sheriff's sale was fraudulent and thus no title to the stock certificates passed.

falls within the ambit of "fiduciary capacity," thus precluding collateral estoppel. Further, the debtor argues that collateral estoppel does not apply to the plaintiffs' § 523(a)(4) argument because the Business Court's finding of constructive fraud was not actually litigated, that constructive fraud was not specifically plead by the plaintiffs and that the elements of constructive fraud do not mirror those of breach of fiduciary duty. The debtor also argues that the requirements of § 523(a)(4) are not met because the conclusions reached by the Business Court do not satisfy the elements of a federal embezzlement or larceny claim. Furthermore, the debtor contends that collateral estoppel likewise does not apply to the plaintiffs' § 523(a)(6) claim because the requirement of willful and malicious injury was not actually litigated in the state court action, and to the extent the factual findings address the debtor's intent to injure the plaintiffs, such findings were not necessary to the judgment. The same day that the plaintiffs filed their motion for judgment on the pleadings, the debtor filed a motion for summary judgment. The debtor's motion for summary judgment generally states that the plaintiffs cannot show the necessary elements of their causes of action under §§ 523(a)(4) and (a)(6) and that therefore, she is entitled to summary judgment.

## DISCUSSION

When a court considers matters outside the pleadings in reaching a decision on a matter, a motion for judgment on the pleadings will be treated as a motion for summary judgment. <u>Carolina Bank v. Chatham Station, Inc.</u>, 186 N.C. App. 424, 427, 651 S.E.2d 386, 388 (2007). The court has considered the parties' briefs and oral arguments in addition to the pleadings, and will thus treat their respective motions as competing motions for summary judgment. <u>Id.</u> "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

4

party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. Summary judgment should not be granted "unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted).

The plaintiffs maintain that the debtor is collaterally estopped from contesting nondischargeability under §§ 523(a)(4) and (a)(6) in light of the findings of fact and rulings of law contained in the Business Court judgment. The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by referring to the preclusion law of the state in which the judgment was entered. Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Collateral estoppel, or issue preclusion, bars successive litigation of the same fact or issue even if it recurs in the context of a different claim. Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Under North Carolina law, collateral estoppel arises "when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit." Masters v. Dunstan, 256 N.C. 520, 524, 124 S.E.2d 574, 576 (1962).

Identity of the issues has four additional criteria that must be met: (1) the issue sought to be collaterally estopped is the same as the one previously litigated; (2) the issue was raised and actually litigated in the prior action; (3) the issue was material and relevant to the disposition of the prior action; and (4) the issue was necessary and essential to the judgment in the prior action. State v. Summers, 351 N.C. 620, 622, 528 S.E.2d 17, 20 (2000). Furthermore, for an issue to be actually litigated, it must have been "'properly raised in the pleadings or otherwise submitted for determination and [was] in fact determined.'" Williams v. Peabody, 217 N.C. App. 1, 6, 719 S.E.2d 88, 93 (2011) (quoting City of Asheville v. State, 192 N.C. App. 1, 17, 665 S.E.2d 103, 117 (2008)).

The court will first address the plaintiffs' contention that the judgment debt is nondischargeable under § 523(a)(6). Section 523(a)(6) provides that a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. The plaintiffs argue that the Business Court's finding that the debtor's misconduct was willful or wanton under North Carolina law precludes relitigation of whether the debt was for willful and malicious injury. In Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998), the U.S. Supreme Court clarified the scope of this exception, holding that "willful" modifies the word "injury," and as such, "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." An act is therefore not willful if the injury is "neither desired nor in fact anticipated by the debtor." Id. at 62. The Court discussed earlier cases that fit this construction, highlighting McIntyre v. Kavanaugh, 242 U.S. 138 (1916), in which the Court held that a debt was nondischargeable under § 523(a)(6) where "a broker 'deprive[d] another of his property forever by deliberately disposing of it without semblance of authority.'" Id. at 63. In McIntyre, 242 U.S. at 141-42, the Court indicated that a wrongful act, committed with knowledge

6

of its wrongfulness and that it will necessarily cause injury, meets the standard of 523(a)(6). Additionally, § 523(a)(6) requires a finding that the debtor's actions were malicious. An injurious act is malicious when it is committed "'deliberately and intentionally in knowing disregard of the rights of another.'" In re Stanley, 66 F.3d 664, 667 (4th Cir. 1995). In other words, malice exists when the debtor knew his actions were wrong. In re Buck, 406 B.R. 703, 706 (Bankr. E.D.N.C. 2009).

To satisfy the requirement of "deliberate or intentional injury," the debtor must have "'acted with substantial certainty [that] harm [would result] or a subjective motive to cause harm.'" In re Toomey, No. 10-03657-8-SWH, 2012 WL 719683, at *5 (Bankr. E.D.N.C. March 5, 2012) (quoting Parsons v. Parks (In re Parks), 91 Fed. Appx. 817, 819 (4th Cir. 2003)). The first step in an § 523(a)(6) analysis is to identify the injury. In re Scott, 10-00101-8-JRL, 2011 WL 672055, at *3 (Bankr. E.D.N.C. Feb. 17, 2011). In Scott, where the injury was the time and money spent by a creditor in defending the debtor's claim, the court found that the debtor had inflicted deliberate and intentional injury by pursuing a lawsuit for an illegitimate claim that the debtor knew to be false, and had engaged in wrongful litigation conduct to conceal its wrongdoing. This district has held that intentional injuries to the property of others, including unauthorized use or sale, satisfies § 523(a)(6). In re Ward, No. 11-05148-8-JRL, 2012 WL 2328111, at *2 (Bankr. E.D.N.C. June 19, 2012).

For collateral estoppel to apply, the issue of whether the debtor willfully injured the plaintiffs and acted in knowing disregard of their rights must have been actually litigated in state court and necessarily determined by a final judgment. Determining whether collateral estoppel applies necessarily depends on the content of the Business Court judgment. The Business Court found, in response to the plaintiffs' request for punitive damages, that punitive damages were warranted based

7

on the debtor's willful and wanton conduct. Business Court Judgment at 16. Willful or wanton conduct is statutorily defined in North Carolina as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in jury, damage, or other harm." N.C. Gen. Stat. § 1D-5(7). Willful and wanton requires more than carelessness or recklessness. Shaw v. Goodyear Tire & Rubber Co., 737 S.E.2d 168, 173 (N.C. App. 2013).

The Business Court found that the debtor knowingly and purposefully engaged in repeated self-dealing and conflict-of-interest actions that caused material injury to the plaintiffs. Business Court Judgment at 16. Specifically, the debtor injured the plaintiffs by causing wrongful transfers of funds from the Joint Entities, which resulted in "material economic detriment" and "devastating cash flow problems." Business Court Judgment at 5, 16. These findings, in addition to the finding that the debtor was "well aware of the probable consequences of her wrongful conduct," satisfy the "willful" component of § 523(a)(6). Business Court Judgment at 11. The Business Court's finding that the debtor was conscious of her wrongdoing establishes the existence of malice. Therefore, the Business Court's determination that a punitive damages award was warranted likewise establishes that the debtor's conduct was willful and malicious under § 523(a)(6). The Business Court findings were necessarily determined, as they were necessary to an award of punitive damages.[2] The issue

---

[2]The debtor cites to law of the U.S. Court of Appeals for the Fourth Circuit to support its contention that "willful and malicious injury" was not necessarily determined by the Business Court because the Business Court awarded punitive damages on two independent grounds, rendering neither ground "essential" to the judgment. While federal law applies in determining the preclusive effect of judgments from federal courts, state law applies when determining the preclusive effect of judgments from state courts. The Fourth Circuit law cited by the plaintiffs is not the law of North Carolina. In North Carolina, collateral estoppel is inapplicable if a judgment was rendered on several grounds without distinguishing upon which grounds judgment was passed. In re Ponos, No. 12-04309-8-ATS, 2013 WL 5681067, at *4 (Bankr. E.D.N.C. Oct.

of willful and wanton conduct was plead and actually litigated, corresponding with the plaintiffs' claim for punitive damages. Further, there was a final judgment on the merits. Thus, collateral estoppel applies to bar relitigation of "willful and malicious" for purposes of § 523(a)(6). The plaintiffs' motion for summary judgment is granted, and the debtor's motion is denied. Since the court finds that the judgment debt is nondischargeable under § 523(a)(6), the court will not reach the parties' arguments under § 523(a)(4).

## CONCLUSION

In conclusion, the court finds that the Business Court's findings establish that the debt is for willful and malicious injury, that such findings shall be accorded collateral estoppel effect, and that the debt is therefore nondischargeable under § 523(a)(6). The plaintiffs' motion for summary judgment is granted as to its § 523(a)(6) claim. The debtor's motion for summary judgment as to § 523(a)(6) is denied.

**SO ORDERED.**

**END OF DOCUMENT**

---

18, 2013). "Where the prior judgment may have been based upon several grounds, none of them are conclusively established for purposes of collateral estoppel because 'it is impossible for another court to tell which issue or issues were adjudged by the rendering court.'" Id. (quoting 1B *Moore's Fed. Prac.* ¶ 0.443(4), at 3915). However, here, the Business Court explicitly granted its punitive damages award on two separate findings, one of which being the debtor's willful and wanton conduct. Thus, the court can determine that this issue was adjudged by the Business Court.