**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1010

In Re:  SHARON J. COBHAM,

        Debtor.

------------------------

NICOLE LECANN, D.D.S.; JOINT ENTITIES, LLC,

        Plaintiffs – Appellees,

    v.

SHARON J. COBHAM,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-cv-00137-FL; 14-00002-8-SWH)

Submitted:  September 29, 2016      Decided:  October 14, 2016

Before KING, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua H. Bennett, Roberta King Latham, Jasmine M. Pitt, BENNETT & GUTHRIE, PLLC, Winston-Salem, North Carolina, for Appellant. Robert E. Fields III, Samuel Pinero II, OAK CITY LAW LLP, Raleigh, North Carolina; Jason L. Hendren, Rebecca F. Redwine, HENDREN & MALONE, PLLC, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharon J. Cobham appeals the district court's order affirming, on alternate grounds, the bankruptcy court's order determining that the judgment debt at issue is nondischargeable in Cobham's Chapter 7 proceeding. We affirm the determination of nondischargeability.

Cobham and Nicole LeCann are both dentists practicing in North Carolina and were, for some years, business partners. Together, they owned five dental practices — all professional corporations — and three limited liability real estate companies, all in the Winston-Salem area. Cobham served as president of the dental practices. Eventually, LeCann learned that Cobham had been taking funds from the businesses, either in the form of unauthorized loans or payments for personal expenses, and sued her in North Carolina state court, asserting both personal and derivative causes of action.

The state court ordered a dissolution and appointed a receiver to manage and wind up the affairs. The court later awarded judgment in favor of LeCann and the businesses, finding that "Cobham wrongfully and repeatedly transferred money out of [the businesses] by making loans to [her own practice] or herself, receiving unauthorized expense reimbursements and providing unjustified reimbursements to herself," and awarded compensatory damages in the amount of $553,888. The court also

3

found that punitive damages should be entered against Cobham based on her "willful or wanton conduct and intentional constructive fraud."

In October 2013, Cobham filed a Chapter 7 petition. LeCann filed the underlying complaint seeking a determination that Cobham's debt is nondischargeable under 11 U.S.C. §§ 523(a)(4),(6) (2012). The bankruptcy court determined that the state court judgment was entitled to collateral estoppel effect and that the judgment is nondischargeable because it resulted from Cobham's "willful and malicious injury," within the meaning of § 523(a)(6). See Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). The court found it unnecessary to rule on the applicability of § 523(a)(4) (defalcation of fiduciary obligations).

On appeal, the district court found that the bankruptcy court erred in determining that the debt arose out of a willful and malicious injury. Therefore, the district court concluded, § 523(a)(6) did not apply. Nevertheless, the court determined that the debt was incurred as the result of a defalcation while Cobham was acting in a fiduciary capacity; accordingly, the court determined that the debt is nondischargeable under § 523(a)(4). Cobham appeals.

We review the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same

4

standards of review that were applied in the district court. In re Shangra-La, Inc., 167 F.3d 843, 847 (4th Cir. 1999). Specifically, the bankruptcy court's factual findings are reviewed for clear error, and legal determinations are reviewed de novo. Fed. R. Bankr. P. 8013; In re K & L Lakeland, Inc., 128 F.3d 203, 206 (4th Cir. 1997).

We have reviewed the record included on appeal, and the parties' briefs, and find that the bankruptcy court correctly determined that LeCann met her burden of establishing that the debt at issue is nondischargeable under § 523(a)(6). See Grogan v. Garner, 498 U.S. 279, 291 (1991) (holding that the party challenging the dischargeability of a debt bears the burden of proving the debt nondischargeable by a preponderance of the evidence). Accordingly, we affirm on the bankruptcy court's reasoning. In re Cobham (LeCann v. Cobham), Bankr. Ct. No. 14-00002-8-SWH (E.D.N.C. Mar. 18, 2015). Because the bankruptcy court properly concluded that the debt is nondischargeable under § 523(a)(6), we express no view as to the district court's alternative holding with respect to § 523(a)(4). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED